UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EAD GROUP LLC,

                              Plaintiff,

                    v.

BULENT TOROS, et, al.

                              Defendants.

25 Civ. 8083 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court are two Motions to Stay Discovery, filed by: (1) Defendants UBS AG ("UBS") and Credit Suisse Securities (USA) LLC ("CSSU," and, with UBS, the "CS Defendants"), *see* ECF No. 84, and (2) Defendant Bulent Toros, *see* ECF No. 86.  The Stay Motions seek to stay discovery in this case pending resolution of Defendant Toros's Motion to Compel Arbitration, ECF No. 59, and Defendants' various motions to dismiss, ECF Nos. 61 (Toros's Motion to Dismiss) and 62 (CS Defendants' Motion to Dismiss).  For the reasons stated below, the Stay Motions are **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

The Court assumes familiarity with the background facts of this case, which will be discussed more fully in adjudication of the pending Motions to Dismiss, and Motion to Compel Arbitration.

This case arises from the liquidation of certain shares in Aeva Technologies, which were the collateral in a Margin Lending Agreement between Plaintiff EAD Group LLC ("EAD") as the borrower, W Management Services, Ltd. ("WMS") as the lender, and SRT Capital SPC Ltd. ("SRT"), as the agent.  Prior to filing this case, Plaintiff brought an arbitral action before the International Chamber of Commerce ("ICC") in June 2025 against WMS and SRT.  As noted, this

case arises from the same events and is brought against Toros (who is alleged to manage and control WMS) and the other Defendants in this case.  Plaintiff has also filed four suits against Defendants in other jurisdictions: the Cayman Islands, Switzerland, the United Kingdom, and the British Virgin Islands.  ECF No. 68 at 6-9.  Furthermore, Plaintiff has filed an application for discovery from financial institutions in the Southern District of New York pursuant to 28 U.S.C. § 1782 for use in the Swiss proceeding, currently pending before this Court.  *In re EAD Grp. LLC*, 25-mc-00536 (S.D.N.Y. filed Nov. 26, 2025).

Toros has moved to compel arbitration of EAD's claims in this case against him; separately, he and the CS Defendants seek to stay all discovery pending resolution of that motion (and of the Motions to Dismiss).

## DISCUSSION

In determining whether to stay proceedings pending arbitration, the Court must weigh four considerations:

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration.

*Guyden v. Aetna, Inc.*, 544 F.3d 376, 382 (2d Cir. 2008).[1]  Where these factors are met, courts may stay a case pending the resolution of a motion to compel arbitration without even investigating the ordinary three-part test for a stay of discovery under Rule 26(c), as "the general practice of district courts," is to impose "a stay of discovery . . . while [a] motion to compel arbitration [i]s pending." *Paniccioli v. Northstar Source Grp. LLC*, No. 24 Civ. 9763, 2025 WL 1427007, at *1 (S.D.N.Y.

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

May 16, 2025) (quoting *Intertec Contracting Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001)).

EAD argues that the first factor in *Guyden* is not present here, insofar as the Movants are not parties to the arbitration agreement.  *See* Pl.'s Opp. to Def. Toros's Stay Mot. at 1, ECF No. 88; Pl.'s Opp. to CS Defs.' Stay Mot. at 1, ECF No. 85.  And while EAD contests the merits of the motion to compel arbitration, its principal arguments similarly concern the fact that Defendant Toros is not a party to the Margin Lending Agreement (and its arbitration provision).  *See* Pl.'s Opp'n to Mot. to Compel Arb. at 1-2, ECF No. 75.  But as the Supreme Court has advised, "[i]n some cases, . . . it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration.  That decision is one left to the district court . . . as a matter of its discretion."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983). Here, EAD does not, for purposes of the stay motion, appear to dispute the arbitration agreement between itself and WMS; the fact that Toros is not a signatory to that agreement is not a reason to deny a stay, particularly given the close relationship alleged between Toros and WMS.

As for the remaining *Guyden* factors, the Court concludes that they weigh in favor of a stay of discovery.  As to the second factor, even if, as EAD asserts, at least some of the claims raised here are ultimately determined not to be arbitrable, a stay is favored where "at least one of the issues in the suit is within the scope of the arbitration agreement."  *Kolacek v. Gemexco Trading, Inc.*, No. 90 Civ. 5760, 1991 WL 2857, at *2 (S.D.N.Y. Jan. 10, 1991).  As to the third factor, EAD asserts some federal statutory claims and argues that, because they are brought against Defendants who are not parties to the pending arbitration, these claims have no arbitrable forum. The third *Guyden* factor, however, asks whether Congress intended a party's federal statutory claim to be non-arbitrable, and no such argument has been made here.  There is nothing about the *nature* of EAD's RICO claims that would prohibit arbitration; in fact, "[a]rbitration agreements

3

relating to RICO claims are indisputably enforceable." *Kowalewski v. Samandarov*, 590 F. Supp. 2d 477, 491 (S.D.N.Y. 2008). Accordingly, because RICO claims are not non-arbitrable, the Court need not consider the fourth *Guyden* factor. *See Guyden*, 544 F.3d at 382.

Finally, a stay pending resolution of the arbitration motion is warranted because it will promote judicial economy and avoid inconsistency. *See Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 490 (S.D.N.Y. 2011) ("Stays are particularly appropriate where they promote judicial economy, avoidance of confusion and possible inconsistent results.") (internal quotation marks and citation omitted).

## CONCLUSION

For the aforementioned reasons, the Motions for a Stay of Discovery pending resolution of the Motion to Compel Arbitration are **GRANTED**. To the extent the Stay Motions request that a stay remain in place through resolution of the Motions to Dismiss, the request is **DENIED**. "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

The Clerk of Court is respectfully requested to terminate ECF Nos. 84 and 86.

SO ORDERED.

Dated: February 27, 2026

New York, New York

_____

DALE E. HO
United States District Judge